(C. D. 343)

J. T. Steeb & Co., Inc. *v.* United States

United States Customs Court, Third Division

(Decided May 27, 1940)

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles F. Lawrence* of counsel) for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General. (*Richard F. Weeks*, special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges

Evans, Judge: This is an action against the United States in which the plaintiff seeks to recover money claimed to have been unlawfully collected as customs duties upon an importation of merchandise from the Philippine Islands into the port of Tacoma, Wash.

When the case was called for hearing at Tacoma, Wash., the following proceedings were had:

Mr. TUTTLE. This protest claims that the merchandise is free of duty under section 308 of the Tariff Act of 1930, which relates to importations under 6 months' bond, and I offer to stipulate that, as shown by the papers here, the merchandise was entered under consumption entry October 4, 1937, in Tacoma; that on October 5th, the same year, the merchandise was delivered to the importer by the inspector, at the receiving dock or pier; that at some time subsequent to the delivery of the merchandise, date unknown, the importer requested of the collector permission to change the entry into a 6 months' bond entry, and filed with the collector the necessary bond required by such type of entry; that that permission was granted to the importer, as shown by the red-ink notation reading: "Converted to 6 months' bond entry at request of J. T. Steeb & Co. for account Vance Scales Co., importers"; and that subsequently, during November of 1937, the merchandise was exported from the United States and out of the Port of Tacoma, under Customs supervision.

Mr. WEEKS. Yes, your Honor, the deputy collector is present, and we so stipulate.

Judge CLINE. All right.

Mr. TUTTLE. We submit.

Mr. WEEKS. Submitted.

Mr. TUTTLE. We ask 60 days for brief after transcription.

Mr. WEEKS. And 60 to reply.

Judge CLINE. Submitted. Time for briefs as requested granted.

The consumption entry was dated October 4, 1937, and bears the red-ink notation as follows:

Mdse del'd to importer before application to change to 6 mo Bd entry 435 (c) C. R.

This statement is signed by B. F. Hampton. He calls attention to article 435 of the Customs Regulations of 1937. The entry also bears another red-ink notation which reads:

Converted to 6 mo. Bond Entry at request of J. T. Steeb & Co., for a/c Vance Scales Co. Importers.

Said article 435 (c) is in the following language:

(c) Claim for free entry under any of the above-mentioned provisions of law may be made for articles of the character described previously entered under any other provision of law and the entry amended accordingly upon compliance with the requirements of this article, provided the articles have not been removed from customs custody, but the 6-months' period will be computed from the date of importation.

This regulation was promulgated under authority of section 308 of the Tariff Act of 1930, and, being reasonable, has the force and effect of law.

We find from the record that the importer cannot recover for two reasons. First, the merchandise was released to him before he made application for a change of the form of entry, and before he was given authority to amend his entry to a 6-months' bond entry. Second,

there is no proof in the record to show that the merchandise was brought into the country for any of the purposes enumerated in section 308, *supra*.

We therefore find that the duty was lawfully assessed and overrule plaintiff's claims. Judgment for defendant. It is so ordered.